# UNITED STATES DISTRICT COURT
# IN AND FOR MIDDLE DISTRICT OF FLORIDA
# (Jacksonville Division)

UNITED STATES OF AMERICA,
for the use of W.W. Gay Fire Protection, Inc.,
d/b/a W.W. Gay Fire & Integrated Systems, Inc.,
a Florida corporation;

    Plaintiff,

v.

AEM SERVICES, LLC, a Georgia
limited liability company; and
MERCHANTS BONDING COMPANY
(MUTUAL), an Iowa corporation;

    Defendants.
_____/

Case No. 3:25-00002

## COMPLAINT

COMES NOW, the UNITED STATES OF AMERICA, for the use and benefit of W.W. Gay Fire Protection, Inc. d/b/a W.W. Gay Fire & Integrated Systems, Inc. (hereinafter "W.W. Gay"), Plaintiff herein, by and through the undersigned counsel, and files this Complaint against AEM Services, LLC ("AEM"), a Georgia limited liability company, and Merchants Bonding Company (Mutal), a foreign profit corporation and alleges:

### PARTIES, JURISDICTION AND VENUE

1. W.W. Gay, Plaintiff herein, is a Florida Profit Corporation organized by and pursuant to, and existing under the laws of the State of Florida. W.W. Gay's

principal place of business is Jacksonville, Florida. W.W. Gay, as a first-tier subcontractor of AEM on the Project (as defined and described herein, below), has a right of action under the Miller Act and this Court has exclusive subject matter jurisdiction over this action pursuant to 40 U.S.C. § 3133(b)(3)(B). This Court also has jurisdiction over W.W. Gay's breach of contract claim pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00.

2.  AEM Services, LLC ("AEM") is a Georgia limited liability company with its principal place of business in Fort Valley, Georgia. Upon information and believe, AEM's President, Angelyca Russell is a resident of the state of Georgia. By entering into contracts to be executed in Florida, and in particular, the Middle District of Florida, AEM has subjected itself to the jurisdiction of this Court.

3.  Merchants Bonding Company (Mutal) ("Merchants") is a foreign insurance company authorized to conduct business in the State of Florida, and at all times pertinent hereto, acted as a surety. Pursuant to Section 624.422, *Florida Statutes* and Rule 4 of the Federal Rules of Civil Procedure, service of process against Merchants may be made upon the Chief Financial Officer of the State of Florida.

4.  Venue is proper in the United States District Court for the Middle District of Florida pursuant to 40 U.S.C. § 3133(b)(3)(B), as the Prime Contract (as defined and described herein, below) between AEM, as prime contractor on the

Project (as defined and described herein, below) and the United States of America, acting by and through the Naval Facilities Engineering Systems Command (NAVFAC) Southeast, as the federal governmental contracting authority, was executed and was to be performed in Duval County, Florida, located in the Middle District of Florida.

5. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to W.W. Gay's claims in this Complaint occurred, or a substantial part of property that is the subject of the action is situated in the Middle District of Florida.

6. Venue is proper in the Jacksonville Division of this Court pursuant to Local Rule 1.04 of the Local Rules for the United States District Court for the Middle District of Florida because the Jacksonville Division includes Duval County, in which County the Prime Contract was executed and to be performed.

## STATEMENT OF FACTS

7. Upon information and belief, on or about September 23, 2022, the Owner, identified as NAVFAC-Southeast, entered into Contract N6945022C0071 with AEM Services, Inc., as Contractor (the "Prime Contract"), for certain construction of improvements, commonly known as B1343 Electrical and Lighting Project, at Naval

Station Mayport, Jacksonville, Florida (the "Project"). W. W. Gay is not in possession of a copy of the Prime Contract.

8. In connection with the Prime Contract and as required by 40 U.S.C. §3133, *et seq.,* Merchants, as surety for AEM, executed and delivered a Payment Bond No. FLC 86515 for the Project, naming AEM as Principal and the United States of America as Obligee (the "Payment Bond"). The Payment Bond is for the protection of those providing labor, services, and/or materials, such as W.W. Gay, for the Project to ensure payment is made for their labor, services, and/or materials. A copy of the Payment Bond is attached as Exhibit A.

9. W.W. Gay entered into a Subcontract Agreement No. 22AEM017 with AEM to perform a portion of work described in the Prime Contract for the Project (the "Subcontract"). A copy of the Subcontract is attached as Exhibit B.

10. W.W. Gay fully performed its obligations pursuant to the Subcontract and completed its work thereunder. Upon information and belief, W.W. Gay's work has been accepted by the Owner.

11. AEM has failed to pay W.W. Gay for its work pursuant to the Subcontract. AEM currently owes W.W. Gay $ 257,702.54. A copy of W.W. Gay's current statement of account showing the amount due from AEM is attached as Exhibit C.

12. W.W. Gay has made demand for the amount due. AEM has failed or refuses to pay W.W. Gay.

13. According to the terms of the Subcontract, AEM was obligated to pay W.W. Gay all payments due and owing for W.W. Gay's performance of the work under the Subcontract.

14. As a result of AME's failure to properly pay, W.W. Gay remains unpaid the principal amount of $ 257,702.54, plus interest.

15. W.W. Gay has met all conditions precedent to filing suit against AEM and Merchants, or they have otherwise been met, waived or excused.

### COUNT I – MILLER ACT
### (Against Defendant Merchant)

16. W.W. Gay incorporates the factual allegations asserted in paragraphs 1 through 15 of this Complaint as if fully stated herein.

17. W.W. Gay has a direct contractual relationship with the prime contractor, AEM, under the Prime Contract, for which the Payment Bond was furnished under 40 U.S.C. § 3131(b)(1).

18. W.W. Gay supplied labor, materials, and services under the Subcontract with AEM in furtherance of the Prime Contract.

19. W.W. Gay has not been paid within ninety days after the day on which it last supplied materials or services on the Project and this suit is being filed within one year of that date.

20. W.W. Gay is owed at least $257,702.54 for the labor, services, and materials supplied on the Project.

WHEREFORE, Plaintiff, W.W. Gay, respectfully requests this Court enter judgment against Defendant Merchant in the amount of entitling W.W. Gay to receive at least $257,702.54 under the pursuant to its obligations under payment bond obtained by AEM from its surety, Merchant, together with, costs and interest, and such other and further relief this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against Defendant AEM)

21. W.W. Gay incorporates the factual allegations asserted in paragraphs 1 through 15 of this Complaint as if fully stated herein.

22. W.W. Gay has a direct contractual relationship with the prime contractor, AEM, pursuant to the Subcontract.

23. W.W. Gay provided labor and supplied materials provided for under the Prime Contract and the Subcontract.

24. Pursuant to the Subcontract, AEM was obligated to pay W.W. Gay $257,702.54 for the labor and materials supplied by W.W. Gay for the Project.

25. Despite repeated demands for payment, AEM has failed and refused to pay $257,702.54 due W.W. Gay under the Subcontract.

26. The Subcontract provides that the prevailing party in any dispute resolution proceeding shall be entitled to recover its reasonable attorney's fees and costs from the non-prevailing party.

27. W.W. Gay has engaged the undersigned firm to represent it in this matter and is obligated to pay the fees incurred in this matter for which AEM shall be liable.

WHEREFORE, W.W. Gay respectfully requests this Court enter judgment in its favor and against AEM as to Count II of this Complaint, in the amount of at least $257,702.54, together with attorney's fees, costs, and interest, and such other and further relief the Court may deem just and proper.

Respectfully submitted,

TRITT & ASSOCIATES, P.A.

*s/Helen H. Albee*
Helen H. Albee
Lead Counsel
Florida Bar No.: 987247
707 Peninsular Place
Jacksonville, Florida 32204
Telephone: (904) 354-5200
Facsimile: (904) 354-5256
Email: helen.albee@atritt.com
Secondary Email: karen.farber@atritt.com
Attorney for W.W. Gay Fire & Integrated Systems, Inc.